UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
HENRIETTA MELTZER, et al.,

                        Plaintiff(s),

              -against-

ROYAL ACCEPTANCE CORP., et al.,

                        Defendant(s).
--------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

CV 03-5521  (JS) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Seybert for a report and

recommendation on whether a default judgment should be entered against defendants/third-party

plaintiffs Royal Acceptance Corp. and RIT Auto Leasing Group, Inc. ("corporate defendants"),

and if so, for the amount of damages to be awarded.  Docket Entry ("DE") #30.  The court has

received no opposition from any defendant, despite the court's orders having been served on

them.  For the reasons set forth herein, the undersigned recommends that a default judgment be

entered against the corporate defendants, but that the determination of damages be adjourned

until the case is resolved as to all defendants.   It is further recommended that the corporate

defendants be dismissed from the third-party complaint.

**BACKGROUND**

      This case commenced with filing of a complaint on October 13, 2003.  An answer was

filed by the corporate defendants and the individual defendant, Richard Toporek,[1] on February

19, 2004.  The defendants filed a third party complaint on November 5, 2004.  At that time, all

defendants were represented by counsel.  By letter dated April 11, 2005, Toporek, acting on

---

[1]According to the complaint, Toporek is the chief executive officer and principal
shareholder of both corporate defendants.  Compl. at ¶ 2.

behalf of all defendants, discharged counsel. Toporek ltr, DE #27-2. In light of this letter, defense counsel moved for leave to withdraw as counsel. DE #27-1. By endorsed order dated April 22, 2005, Judge Seybert granted defense counsel's motion to withdraw and stated that "[d]efendants Third/Party Plaintiffs shall have until 6/30/05 to obtain new counsel. Should they fail to do so, Plaintiffs may move for default judgment."

No new counsel appeared for defendants, and on July 6, 2005, plaintiffs moved for default judgment against all defendants. DE #30. Judge Seybert vacated the notation of default as to Toporek, noting that he could appear pro se, and referred the question of whether the default should enter as to the corporate defendants. DE #33.

## DISCUSSION

Based on the corporate defendants' failure to take any action since April 2005 in response to the court's clear direction, the undersigned recommends that a default judgment be entered. Entry of a default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *Dae Woo Kim v. City of New York*, No. 90 Civ 1487, 1990 WL 83465, at *2 (S.D.N.Y. June 13, 1990) (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Here, the corporate defendants are such unresponsive parties, and the plaintiffs are entitled to entry of a default judgment against them.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries

2

as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).

At this time, however, a determination of damages against the corporate defendants is complicated by the presence in the case of the non-defaulting defendant, Mr. Toporek. To the extent that the defaulting corporate defendants are liable jointly and severally with Toporek, a calculation of damages and entry of final judgment against the corporate defendants is premature. *See Montcalm Publ'g Corp. v. Ryan,* 807 F. Supp. 975, 977-78 (S.D.N.Y. 1992). In other words,

> when there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved.

*Lawrence v. Vaman Trading Co., Inc.,* No. 92 Civ. 0377, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (quoting *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.,* 978 F.2d 430, 433 (8th Cir. 1992)).

Accordingly, the undersigned recommends that default be entered against the corporate defendants, but that the calculation of damages be postponed until the case is resolved as to all defendants. As the corporate defendants cannot proceed pro se, *see Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305 (2d Cir. 1991) (holding that 28 U.S.C. § 1654 precludes a corporation from appearing through a lay representative), and they have not retained counsel despite the court's clear order to do so, it is further recommended that the corporate defendants be dismissed from the third-party complaint.

**OBJECTIONS**

A copy of the Report and Recommendation is being sent by the Court to by electronic filing to all plaintiffs and by mail to all defendants. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 8, 2006

/s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge